UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BONNIE M. TUCKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CAUSE NO. 1:08-cv-674-WTL-TAB |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

### ENTRY ON PETITION FOR ATTORNEY FEES

Pending before the Court is Plaintiff Bonnie M. Tucker's Petition for Attorney Fees under the Equal Access to Justice Act ("EAJA") and the Defendant's response thereto. The Court, being duly advised, **GRANTS** Tucker's petition for the reasons set forth below.

In an order dated September 22, 2009, the Court reversed the final decision of the Commissioner of the Social Security Administration ("Commissioner") finding Tucker not disabled and remanded the case for further proceedings. The Court determined that remand was required because the ALJ failed adequately to explain his reasons for finding that Tucker's testimony regarding her subjective symptoms was not fully credible. In so ruling, the Court rejected several other arguments made by Tucker on appeal.

Pursuant to the EAJA, a successful litigant against the federal government is entitled to recover her attorney fees if 1) she was a "prevailing party"; 2) the government's position was not "substantially justified"; 3) there exist no special circumstances that would make an award unjust; and 4) she filed a timely application. 28 U.S.C. § 2412(d)(1)(A), (B). The Commissioner argues that a fee award is not appropriate in this case because his position was substantially justified. The Commissioner has the burden of proving substantial justification, and both the

Commissioner's pre-litigation and litigation positions are relevant. *Cunningham v. Barnhart*, 440 F.3d 862, 863-64 (7th Cir. 2006). "In order for the Commissioner's position to be substantially justified, it must have reasonable factual and legal bases, and there must exist a reasonable connection between the facts and [his] legal theory." *Id.* The Commissioner's position need not have been correct–that is, the fact that the case was remanded does not automatically lead to an award of fees–but his position must have been stronger than merely non-frivolous. *Pierce v. Underwood*, 487 U.S. 552, 565-66 (1988).

The Court disagrees with the Commissioner that his position was substantially justified in this case. The requirement that an ALJ's credibility determination be "grounded in the evidence and articulated in the determination or decision" is neither new nor ambiguous. This was not a close case; the statements contained in the ALJ's decision regarding his credibility determination clearly did not satisfy his obligation under the law. The Commissioner's decision to adopt the ALJ's decision and defend it in this Court was not substantially justified, and therefore Tucker's petition for fees pursuant to the EAJA is **GRANTED**. The Commissioner does not dispute the reasonableness of the amount of fees sought by Tucker; therefore, fees are awarded in the amount of $4,907.63.

SO ORDERED:   03/23/2010

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to:

Charles D. Hankey
charleshankey@hankeylawoffice.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov

2